## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FRANCISCO REYNIER ARIAS, JR., | ) | CASE NO. 08-01980-GP3-7 |
| MELISSA SUE ARIAS, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| SUSAN R. LIMOR, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | ADVERSARY NO._____ |
| | ) | |
| DAVID COHEN, | ) | |
| RYAN WOODS, | ) | |
| JAMIE LEE STOUCH, | ) | |
| KIM MATTOS, | ) | |
| MIKE BYRD, | ) | |
| TIM DROWNS, | ) | |
| | ) | |
| Defendants. | ) | |

## TRUSTEE'S COMPLAINT TO AVOID PREFERENTIAL AND/OR FRAUDULENT TRANSFERS

Comes the Plaintiff, by and through counsel, and would respectfully represent to this Court as follows:

1.  Plaintiff is the duly qualified and acting Trustee in this bankruptcy case.

2.  This adversary proceeding is commenced in the case of Francisco Reynier Arias, Jr., and Melissa Sue Arias ("Debtors"), a Chapter 7 case bearing case number 308-01980-GP3-7 pending in the Middle District of Tennessee.

3.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(F) and (H).

4. On March 10, 2008, Debtors filed a Bankruptcy Petition under Chapter 11 of Title 11 of the United States Code.

5. The Debtors converted this case to a Chapter 7 Bankruptcy Case on April 15, 2008.

6. Plaintiff was appointed as Interim Trustee in the Chapter 7 case on April 15, 2008.

7. At all times at which the subject transfers occurred, the Debtors were insolvent or were rendered insolvent as a result of the transfers herein described or should have known they could not pay their debts as they came due.

8. Pursuant to 11 U.S.C. § 548, the Trustee can avoid any transfer made by the Debtors within two (2) years of commencement of the case if the Debtors received less than reasonably equivalent value in exchange for the transfer and the Debtors were insolvent or became insolvent as a result of the transfer.

9. Pursuant to 11 U.S.C. § 548, the Trustee can avoid any transfer made by the Debtors within two (2) years of commencement of the case if the transfer was made for the purpose of hindering, delaying or defrauding creditors, and was made with actual intent to defraud.

10. The Trustee has the powers of a judicial lien creditor of the Debtors as of the commencement of the case pursuant to 11 U.S.C. § 544.

11. Pursuant to 11 U.S.C. § 544 and T.C.A. § 66-3-101 et seq., the Trustee can avoid any transfer made within four (4) years of the commencement of the case if the Debtors received less than reasonably equivalent value in exchange

Case 3:10-ap-00127    Doc 1    Filed 03/08/10    Entered 03/08/10 19:51:14    Desc Main
Document    Page 2 of 17

for the transfer and the Debtors were insolvent or became insolvent as a result of the transfer.

12. Pursuant to 11 U.S.C. § 544 and T.C.A. § 66-3-101 et seq., the Trustee can avoid any transfer made within four (4) years of the commencement of the case if the transfer was made for the purpose of hindering, delaying or defrauding creditors, and was made with actual intent to defraud.

13. Pursuant to 11 U.S.C. § 547, the Trustee can avoid any transfer made on account of an insider's antecedent debt within one (1) year of the commencement of the case if the debtors were insolvent at the time of the transfer.

14. Pursuant to 11 U.S.C. § 547, the Trustee can avoid any transfer made on account of an antecedent debt of a non-insider made within ninety (90) days of the commencement of a case if the Debtors were insolvent at the time of the transfer.

## COUNT I

15. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 14 as if set out herein verbatim.

16. Upon information and belief, Defendant David Cohen ("Cohen") is an insider of the Debtors.

17. Upon information and belief, Cohen is a business associate of the Debtors.

18. Upon information and belief, Cohen is an investor and/or trader in the Debtors' business(es).

3

19. Upon information and belief, Defendant Cohen received transfers from the Debtors within one year prior to the filing of the bankruptcy petition totaling at least $7,700.00. See Chart of Arias Checks Written, attached hereto as Exhibit A.

20. Upon information and belief, within one (1) year prior to the filing of the bankruptcy petition, Debtors purchased a BMW for Defendant Cohen for no consideration from Defendant Cohen.

21. These transfers were made for the purpose of hindering, delaying or defrauding creditors, and were made with actual intent to defraud.

22. These transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the transfers were made for the purpose of hindering, delaying, or defrauding creditors, and were made with actual intent to defraud.

23. In the alternative, the transfers were made without consideration to the Debtors.

24. The transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the Debtors received less than reasonably equivalent value in exchange for the transfers and the Debtors were insolvent or became insolvent as a result of the transfers.

25. In the alternative, just prior to the bankruptcy filing (the "Preference Period"), Debtors made transfers of property of the Debtors to or for the benefit of the Defendant Cohen.

26. These transfers benefited Defendant Cohen.

27. At the time these transfers were made to or for the benefit of the Defendant Cohen, Defendant Cohen was a creditor of the Debtors.

28. The transfers were made in payment for, or on account of, an antecedent debt owed to the Defendant Cohen by the Debtors before the transfers were made.

29. At the time that the transfers were made to the Defendant Cohen, the Debtors were insolvent.

30. As a result of the transfers, the Defendant Cohen received more than he would have otherwise received under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and if the Defendant Cohen received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

31. These transfers to the Defendant Cohen are avoidable pursuant to 11 U.S.C. § 547(b).

32. The Plaintiff, as Trustee, is authorized under 11 U.S.C. § 550 to recover the transfers or their value to the extent that they are avoided under 11 U.S.C. § 547.

33. Defendant Cohen may have received additional transfers which Plaintiff may learn about during the discovery process, and such transfers are expressly subject to this action.

## COUNT II

34. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 33 as if set out herein verbatim.

35. Upon information and belief, Defendant Ryan Woods ("Woods") is an insider of the Debtors.

36. Upon information and belief, Woods is a business associate of the Debtors.

37. Upon information and belief, Woods is an investor and/or trader in the Debtors' business(es).

38. Upon information and belief, Defendant Woods received transfers from the Debtors within one year prior to the filing of the bankruptcy petition totaling at least $7,000.00. See Chart of Arias Checks Written, attached hereto as Exhibit A.

39. Upon information and belief, within one (1) year prior to the filing of the bankruptcy petition, Debtors purchased a BMW for Defendant Woods for no consideration from Defendant Woods.

40. These transfers were made for the purpose of hindering, delaying or defrauding creditors, and were made with actual intent to defraud.

41. These transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the transfers were made for the purpose of hindering, delaying, or defrauding creditors, and were made with actual intent to defraud.

42. In the alternative, the transfers were made without consideration to the Debtors.

43. The transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the Debtors received less than reasonably equivalent value in exchange for the transfers and the Debtors were insolvent or became insolvent as a result of the transfers.

44. In the alternative, just prior to the bankruptcy filing (the "Preference Period"), Debtors made transfers of property of the Debtors to or for the benefit of the Defendant Woods.

45. These transfers benefited Defendant Woods.

46. At the time these transfers were made to or for the benefit of the Defendant Woods, Defendant Woods was a creditor of the Debtors.

47. The transfers were made in payment for, or on account of, an antecedent debt owed to the Defendant Woods by the Debtors before the transfers were made.

48. At the time that the transfers were made to the Defendant Woods, the Debtors were insolvent.

49. As a result of the transfers, the Defendant Woods received more than he would have otherwise received under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and if the Defendant Woods received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

50. These transfers to the Defendant Woods are avoidable pursuant to 11 U.S.C. § 547(b).

51. The Plaintiff, as Trustee, is authorized under 11 U.S.C. § 550 to recover the transfers or their value to the extent that they are avoided under 11 U.S.C. § 547.

52. Defendant Woods may have received additional transfers which Plaintiff may learn about during the discovery process, and such transfers are expressly subject to this action.

## COUNT III

53. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 52 as if set out herein verbatim.

54. Upon information and belief, Defendant Jamie Lee Stouch ("Stouch") is an insider of the Debtors.

55. Upon information and belief, Stouch is a business associate of the Debtors.

56. Upon information and belief, Stouch is an investor and/or trader in the Debtors' business(es).

57. Upon information and belief, Defendant Stouch received transfers from the Debtors within one year prior to the filing of the bankruptcy petition totaling at least $23,400.00. See Chart of Arias Checks Written, attached hereto as Exhibit A.

58. These transfers were made for the purpose of hindering, delaying or defrauding creditors, and were made with actual intent to defraud.

59. These transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the transfers were made for the purpose of hindering, delaying, or defrauding creditors, and were made with actual intent to defraud.

60. In the alternative, the transfers were made without consideration to the Debtors.

61. The transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the Debtors received less than reasonably equivalent value in exchange for the transfers and the Debtors were insolvent or became insolvent as a result of the transfers.

62. In the alternative, just prior to the bankruptcy filing (the "Preference Period"), Debtors made transfers of property of the Debtors to or for the benefit of the Defendant Stouch.

63. These transfers benefited Defendant Stouch.

64. At the time these transfers were made to or for the benefit of the Defendant Stouch, Defendant Stouch was a creditor of the Debtors.

65. The transfers were made in payment for, or on account of, an antecedent debt owed to the Defendant Stouch by the Debtors before the transfers were made.

66. At the time that the transfers were made to the Defendant Stouch, the Debtors were insolvent.

67. As a result of the transfers, the Defendant Stouch received more than he would have otherwise received under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and if the Defendant Stouch received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

68. These transfers to the Defendant Stouch are avoidable pursuant to 11 U.S.C. § 547(b).

69. The Plaintiff, as Trustee, is authorized under 11 U.S.C. § 550 to recover the transfers or their value to the extent that they are avoided under 11 U.S.C. § 547.

70. Defendant Stouch may have received additional transfers which Plaintiff may learn about during the discovery process, and such transfers are expressly subject to this action.

## COUNT IV

71. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 70 as if set out herein verbatim.

72. Upon information and belief, Defendant Kim Mattos ("Mattos") is an insider of the Debtors.

73. Upon information and belief, Mattos is the wife of a business associate of the Debtors.

74. Upon information and belief, Mattos is the wife of an investor and/or trader in the Debtors' business(es).

Case 3:10-ap-00127   Doc 1   Filed 03/08/10   Entered 03/08/10 19:51:14   Desc Main
Document     Page 10 of 17

75. Upon information and belief, Defendant Mattos received transfers from the Debtors within one year prior to the filing of the bankruptcy petition totaling at least $10,744.38. See Chart of Arias Checks Written, attached hereto as Exhibit A.

76. These transfers were made for the purpose of hindering, delaying or defrauding creditors, and were made with actual intent to defraud.

77. These transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the transfers were made for the purpose of hindering, delaying, or defrauding creditors, and were made with actual intent to defraud.

78. In the alternative, the transfers were made without consideration to the Debtors.

79. The transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the Debtors received less than reasonably equivalent value in exchange for the transfers and the Debtors were insolvent or became insolvent as a result of the transfers.

80. In the alternative, just prior to the bankruptcy filing (the "Preference Period"), Debtors made transfers of property of the Debtors to or for the benefit of the Defendant Mattos.

81. These transfers benefited Defendant Mattos.

82. At the time these transfers were made to or for the benefit of the Defendant Mattos, Defendant Mattos was a creditor of the Debtors.

83. The transfers were made in payment for, or on account of, an antecedent debt owed to the Defendant Mattos by the Debtors before the transfers were made.

84. At the time that the transfers were made to the Defendant Mattos, the Debtors were insolvent.

85. As a result of the transfers, the Defendant Mattos received more than he would have otherwise received under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and if the Defendant Mattos received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

86. These transfers to the Defendant Mattos are avoidable pursuant to 11 U.S.C. § 547(b).

87. The Plaintiff, as Trustee, is authorized under 11 U.S.C. § 550 to recover the transfers or their value to the extent that they are avoided under 11 U.S.C. § 547.

88. Defendant Mattos may have received additional transfers which Plaintiff may learn about during the discovery process, and such transfers are expressly subject to this action.

## COUNT V

89. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 88 as if set out herein verbatim.

90. Upon information and belief, Defendant Mike Byrd ("Byrd") is an insider of the Debtors.

91. Upon information and belief, Byrd is a business associate of the Debtors.

92. Upon information and belief, Byrd is an investor and/or trader in the Debtors' business(es).

93. Upon information and belief, Defendant Byrd received transfers from the Debtors within one year prior to the filing of the bankruptcy petition totaling at least $4,100.00. See Chart of Arias Checks Written, attached hereto as Exhibit A.

94. These transfers were made for the purpose of hindering, delaying or defrauding creditors, and were made with actual intent to defraud.

95. These transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the transfers were made for the purpose of hindering, delaying, or defrauding creditors, and were made with actual intent to defraud.

96. In the alternative, the transfers were made without consideration to the Debtors.

97. The transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the Debtors received less than reasonably equivalent value in exchange for the transfers and the Debtors were insolvent or became insolvent as a result of the transfers.

13

98. In the alternative, just prior to the bankruptcy filing (the "Preference Period"), Debtors made transfers of property of the Debtors to or for the benefit of the Defendant Byrd.

99. These transfers benefited Defendant Byrd.

100. At the time these transfers were made to or for the benefit of the Defendant Byrd, Defendant Byrd was a creditor of the Debtors.

101. The transfers were made in payment for, or on account of, an antecedent debt owed to the Defendant Byrd by the Debtors before the transfers were made.

102. At the time that the transfers were made to the Defendant Byrd, the Debtors were insolvent.

103. As a result of the transfers, the Defendant Byrd received more than he would have otherwise received under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and if the Defendant Byrd received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

104. These transfers to the Defendant Byrd are avoidable pursuant to 11 U.S.C. § 547(b).

105. The Plaintiff, as Trustee, is authorized under 11 U.S.C. § 550 to recover the transfers or their value to the extent that they are avoided under 11 U.S.C. § 547.

106. Defendant Byrd may have received additional transfers which Plaintiff may learn about during the discovery process, and such transfers are expressly subject to this action.

Case 3:10-ap-00127   Doc 1   Filed 03/08/10   Entered 03/08/10 19:51:14   Desc Main
Document      Page 14 of 17

## COUNT VI

107. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 106 as if set out herein verbatim.

108. Upon information and belief, Defendant Tim Drowns ("Drowns") is an insider of the Debtors.

109. Upon information and belief, Drowns is a business associate of the Debtors.

110. Upon information and belief, Drowns is an investor and/or trader in the Debtors' business(es).

111. Upon information and belief, Defendant Drowns received transfers from the Debtors within one year prior to the filing of the bankruptcy petition totaling at least $56,500.00. See Chart of Arias Checks Written, attached hereto as Exhibit A.

112. These transfers were made for the purpose of hindering, delaying or defrauding creditors, and were made with actual intent to defraud.

113. These transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the transfers were made for the purpose of hindering, delaying, or defrauding creditors, and were made with actual intent to defraud.

114. In the alternative, the transfers were made without consideration to the Debtors.

115. The transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because,

within two (2) years of the commencement of the case, the Debtors received less than reasonably equivalent value in exchange for the transfers and the Debtors were insolvent or became insolvent as a result of the transfers.

116. In the alternative, just prior to the bankruptcy filing (the "Preference Period"), Debtors made transfers of property of the Debtors to or for the benefit of the Defendant Drowns.

117. These transfers benefited Defendant Drowns.

118. At the time these transfers were made to or for the benefit of the Defendant Drowns, Defendant Drowns was a creditor of the Debtors.

119. The transfers were made in payment for, or on account of, an antecedent debt owed to the Defendant Drowns by the Debtors before the transfers were made.

120. At the time that the transfers were made to the Defendant Drowns, the Debtors were insolvent.

121. As a result of the transfers, the Defendant Drowns received more than he would have otherwise received under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and if the Defendant Drowns received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

122. These transfers to the Defendant Drowns are avoidable pursuant to 11 U.S.C. § 547(b).

123. The Plaintiff, as Trustee, is authorized under 11 U.S.C. § 550 to recover the transfers or their value to the extent that they are avoided under 11 U.S.C. § 547.

124. Defendant Drowns may have received additional transfers which Plaintiff may learn about during the discovery process, and such transfers are expressly subject to this action.

**WHEREFORE,** premises considered, Plaintiff prays that proper process issue requiring Defendants to answer this Complaint and that the Court enter an Order avoiding the transfers complained of herein and granting Plaintiff a judgment against Defendants in the respective amounts alleged above plus interest thereon from the date hereof and for such other and further relief as is just and proper.

Respectfully submitted,

**SUSAN R. LIMOR, ATTORNEY AT LAW**
**A PROFESSIONAL CORPORATION**

By:/s/ Susan R. Limor_____
    Susan R. Limor, BPR #12701
    Attorneys for the Trustee
    2814 Dogwood Place
    Nashville, TN  37204
    Phone:  615-742-1304
    Fax:  615/742-0858
    srl@limorlaw.com